# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2023

Lyle W. Cayce
Clerk

No. 22-30325

Argonaut Insurance Company,

*Plaintiff—Appellant*,

*versus*

Atlantic Specialty Insurance Company,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1602

---

Before Graves, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Argonaut Insurance Company ("Argonaut") appeals the summary judgment dismissing its claims for contribution and defense costs against Atlantic Specialty Insurance Company ("ASIC"). Concluding the district court correctly interpreted ASIC's policy as not covering the vehicular accident at issue, we affirm.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

I.

The parties stipulated to the following facts. Darrell Esnault, a commercial truck driver, operates a truck that Triple G Express, Inc. ("Triple G") leased from Double S Transportation, LLC ("Double S"). The truck is ordinarily garaged at Esnault's residence. After making his final delivery at a New Orleans railroad terminal on the afternoon of February 22, 2019, Esnault began driving the truck to a nearby store to buy groceries.[1] Seeing a friend on the way, Esnault stopped, exited the vehicle, chatted for about five minutes, and continued on. Before he got to the store, however, he realized he did not have enough money, so he turned back home. When he was about four blocks away from home, however, Esnault decided to buy cigarettes at a nearby gas station. Making a U-turn, Esnault collided with another car driven by Christian Davis. The accident occurred about 22 minutes after Esnault left the railroad terminal.

Argonaut and ASIC each separately insure Triple G for the truck Esnault was driving. Argonaut's policy is a general commercial auto policy, while ASIC's policy is a narrower Non-Trucking Liability Coverage ("NTL") policy. NTL policies typically provide liability coverage only when a commercial truck is used for non-business purposes. *See Progressive Paloverde Ins. Co. v. Estate of Jenkins*, No. 19-12840, 2021 WL 638119, at *3 (E.D. La. Feb. 18, 2021) (discussing NTL policies). ASIC's NTL policy states it provides coverage only for "[l]osses that occur . . . when a Covered Truck is Non-Trucking." The term "Non-Trucking" is defined in relevant part to mean when the truck is "operating solely for personal use unrelated to the business of the Motor Carrier." The policy further explains when a truck is "<u>not</u> Non-Trucking," including when the truck is "returning to the

---

[1] When Esnault left the terminal, the truck was "bobtail"—meaning the trailer was no longer attached.

No. 22-30325

Truck's Primary Garage Location subsequent to delivering a load." As noted, the truck's primary garage location was Esnault's residence.

Davis filed a state court lawsuit against Esnault, Double S, State Farm, Triple G, and Triple G's two insurers—Argonaut and ASIC—for his injuries. ASIC declined to defend Triple G and Esnault,[2] believing its NTL policy did not cover the accident. Argonaut proceeded alone and settled Davis's suit on behalf of Esnault, Triple G, and Double S. Pursuant to an assignment of Davis's rights, Argonaut then brought the present suit in federal district court against ASIC, claiming that ASIC's NTL policy applied and that ASIC should have provided a defense.

ASIC moved for summary judgment, arguing its NTL policy was inapplicable because at the time of the accident Esnault was not driving the truck "solely" for personal use. The district court agreed. The court thus held that ASIC's NTL policy unambiguously precluded coverage. But even if the policy were ambiguous, the court found Argonaut's interpretation of the policy unreasonable because it would make a driver "non-trucking" for any kind of a stop or detour before the route had concluded.

Accordingly, the court granted ASIC summary judgment and dismissed Argonaut's claims with prejudice. Argonaut timely appealed the summary judgment, which we review *de novo*. *XL Ins. Am., Inc. v. Turn Servs., L.L.C.*, 37 F.4th 204, 206 (5th Cir. 2022); Fed. R. Civ. P. 56(a).

II.

Argonaut argues the district court erred because, at the time of the accident, Esnault had finished his delivery and was using the truck for the

---

[2] Esnault is included as a "Named Insured" under Triple G's policy.

No. 22-30325

"solely personal activities" of buying groceries and cigarettes.[3] Argonaut thus asserts Esnault was "non-trucking" within the meaning of ASIC's NTL policy when he struck Davis's car. We disagree.

The district court correctly interpreted the NTL policy and applied it to the stipulated facts.[4] The policy defines "non-trucking" as being operated "solely for personal use unrelated to the business of the Motor Carrier." As the district court intuited, the policy thereby "contemplates that a truck may simultaneously be put to both business and personal use." That is what happened here. According to the stipulated facts, when Esnault collided with Davis, he was engaged in both personal and business pursuits: he was buying groceries and cigarettes (personal) while returning the truck to its primary garage location (business). So, Esnault was not using the truck *solely* for personal use. Moreover, the policy specifies that a driver is "not Non-Trucking" when, *inter alia*, the truck is "returning to [its] Primary Garage Location subsequent to delivering a load." Again, that is what happened here. It is undisputed that, at the time of the accident, Esnault had not yet returned the truck to his home, its primary garage. This supports the district court's conclusion that Esnault was "not non-trucking" when he collided with Davis.

On this last point, Argonaut claims there is a fact issue concerning whether Esnault "intended to garage his vehicle when he arrived home" or

---

[3] Argonaut does not renew on appeal its arguments in the district court based on the policy's alleged ambiguity, nor its arguments premised on the policy's definition of "Route Deviation." Argonaut has therefore abandoned those arguments and we need not consider them.

[4] All agree that Louisiana law applies and that under Louisiana law courts read insurance policies under the normal rules of contract interpretation. *See Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 257 (5th Cir. 2022) (citing *Supreme Servs. & Spec. Co. v. Sonny Greer, Inc.*, 2006-1827 (La. 5/22/07); 958 So. 2d 634, 638).

No. 22-30325

instead continue with his personal errands. But Argonaut never raised this argument in the district court and cannot do so for the first time on appeal. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). In any event, the parties stipulated for summary judgment purposes that "[i]f the accident had not occurred, Esnault would have returned to his residence . . . where he garaged the tractor." Argonaut cannot take back that stipulation now.

Accordingly, we conclude that the district court correctly granted ASIC summary judgment.[5]

AFFIRMED.

---

[5] Because we resolve the appeal on this basis, we need not reach Argonaut's arguments concerning whether it properly sought contribution from ASIC under Louisiana law.